1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11
12

JUAN ANGEL LOPEZ, on behalf of the general public as private attorney general,

Case No.:  23-cv-01626-AJB-BLM

13

Plaintiff,

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

14

v.

15
16
17

S E PIPE LINE CONSTRUCTION COMPANY, a California Corporation; and DOES 1 through 50, inclusive,

**(Doc. No. 7)**

18

Defendant.

19
20

Presently pending before the Court is Defendant S.E. Pipe Line Construction Co.'s

21

motion to dismiss Plaintiff Juan Angel Lopez's Complaint. (Doc. No. 7.) The motion is

22

fully briefed, (Doc. Nos. 9 & 10), and the matter is suitable for determination on the papers.

23

For the reasons stated herein, Defendant's motion to dismiss is **GRANTED IN PART**

24

**AND DENIED IN PART**.

25

I.      BACKGROUND

26

Plaintiff brings this representative action for recovery of penalties under the Private

27

Attorneys General Act of 2004 ("PAGA") based on alleged violations of the California

28

Labor Code and the Industrial Welfare Commission's ("IWC") Wage Orders. (Complaint

1

("Compl."), Doc. No. 1.) Plaintiff specifically alleges the following underlying violations: (1) failure to pay minimum and overtime wages (Cal. Lab. Code §§ 510, 1194, & 1198); (2) failure to pay all wages earned and owed upon separation from employment (Cal. Lab. Code §§ 201, 202, & 203); (3) failure to pay wages timely during employment (Cal. Lab. Code § 204); (4) failure to provide accurate itemized wage statements (Cal. Lab. Code § 226); and (5) failure to reimburse necessary business expenses (Cal. Lab. Code § 2802). (*See generally id.*)

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

///

///

## III.   REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Likewise, a court may take judicial notice of "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Judicial notice of matters of public record do not convert a motion to dismiss into a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)

In support of its motion to dismiss, Defendant requests the Court take judicial notice of five exhibits: (1) a copy of a CBA entitled, "National Distribution Pipeline Agreement; (2) the "California Addendum to the National Distribution Agreement"; (3) the California Industrial Welfare Commission Wage Order 16, covering "Onsite Construction, Mining, Drilling and Logging Industries"; (4) dispatch orders for Plaintiff on February 4, 2021 and February 4, 2022 from his union, UA Local 250 – Los Angeles; and (5) a copy of the August 9, 2023 Order signed by the Honorable Jinsook Ohta of the United States District Court, Southern District of California. (Doc. No. 7-2 at 2–3.) Plaintiff does not oppose judicial notice. (*See generally* Doc. No. 9.)

Regarding the first two exhibits, a court may take judicial notice of a CBA in evaluating a motion to dismiss. *Hernandez v. Sysco Corp.*, No.16-cv-06723-JSC, 2017 WL 1540652, at *2 (N.D. Cal. Apr. 28, 2017); *Jones v. AT&T*, No. C 07-3888 JF (PR), 2008 WL 902292, at *2 (N.D. Cal. Mar. 31, 2008) ("the Court may take judicial notice of a CBA in evaluating a motion to dismiss."). As such, the Court **GRANTS** judicial notice of Exhibits 1 and 2.

Because Exhibits 3 and 4 are matters of public record, the Court **GRANTS** judicial notice for these documents. S*ee, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (finding that public records and records and reports of administrative agencies may

be subject to judicial notice). The Court **DENIES AS MOOT** Defendant's request for judicial notice of Exhibit 5, as the Court does not rely on this document in reaching its conclusion below.

## IV.    DISCUSSION

Defendant seeks to dismiss Plaintiff's Complaint on the grounds that each of Plaintiff's alleged Labor Code violations underlying his PAGA claim fails as a matter of law because Plaintiff is a union member subject to a collective bargaining agreement ("CBA"), and therefore, his claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). (Doc. No. 7 at 2.) Defendant contends Plaintiff's PAGA claims are also subject to dismissal based on the exclusions from coverage for employees covered by a CBA in the pertinent Labor Code sections and Wage Order, and because arbitration is the exclusive remedy for Plaintiff's grievances under the binding CBA. (*Id.*)

### A.     § 510 and IWC Wage Order 16-2001

Plaintiff's PAGA claim seeks civil penalties in part for Defendant's alleged violation of California Labor Code sections 510 and 1194, which regulate the payment of overtime and minimum wages, respectively. Cal. Lab. Code §§ 510, 1194. Defendant argues these underlying claims are preempted because Plaintiff is subject to a CBA that is expressly exempted from sections 510 and 1194. (Doc. No. 7 at 14.)

First, section 510 provides that its requirements "do not apply to the payment of overtime compensation to an employee working pursuant to . . . (2) [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to [California Labor Code] Section 514." Cal. Lab. Code § 510(a)(2). Section 514 provides the following:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

4

*Id.* § 514.  Similarly, IWC Wage Order 16-2001 section 3(H)(1) states:

> Subsections (A), (B), (C), (D), and (E) of Section 3, Hours and Days of Work, shall not apply to any employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. (See Labor Code Section 514).

IWC Wage Order 16-2001 § 3(H)(1).

In *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), an employee, like Plaintiff, asserted several California law claims against his employer, including the failure to pay overtime wages pursuant to section 510 and failure to pay minimum wage pursuant to section 1194. *Id.* at 1150. The Ninth Circuit held that the employee's claims for overtime under section 510 were preempted because the employee was subject to a CBA that met the requirements of section 514. *See id.* at 1153–54. The court further noted:

> By its terms, . . . the default definition of overtime and overtime rates in section 510 does not apply to an employee who is subject to a qualifying CBA. If [the employee]'s CBAs in this case meet the requirements of section 514, [his] right to overtime "exists solely as a result of the CBA," and therefore is preempted under § 301.

*Id.* at 1154.

Here, Defendant has demonstrated that Plaintiff is an employee who is subject to a CBA compliant with section 514. In support of Defendant's notice of removal, S. E. Pipeline Construction Co.'s Vice President, Shannon Hearn, submitted a declaration in which they confirmed Plaintiff is a member of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry ("Union"), and worked subject to the CBA between S. E. Pipe Line and his union throughout the relevant periods of this lawsuit, specifically Article X of the National Agreement as well as Articles VI and VII of the California Addendum. (Declaration of Shannon Hearn, Doc. No. 3, ¶ 4.) The CBA expressly provides for Plaintiff's hours of work, wages, and working conditions. (Doc. No.

7-2 at 17 (hours of work, overtime, & holiday pay); Doc. No. 7-2 at 35–36 (wages and funds).) The CBA includes Appendix A, which provides a table of wages by skill classification. (Doc. No. 7-2 at 41.) These wages exceed the threshold for the applicable California minimum wage for each corresponding year by more than 30%. (*Compare id. with* Minimum Wage, State of California Department of Industrial Relations, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last visited 01/10/2024).)

Rather than argue that the CBA's terms do not meet the requirements of section 514, Plaintiff attempts to distinguish *Curtis* because, in *Curtis*, the employee conceded that the CBAs at issue generally applied to him, and "claimed that he was being deprived under the pay arrangement laid out in the CBA of rights to which he contended Section 510 entitles him to receive." (Doc. No. 9 at 11.)

However, Plaintiff cannot artfully plead around his CBA in his Complaint because "preemption attaches to a CBA dispute dressed in state law garb." *Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1236 (S.D. Cal. 2021) (citing *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018)). Therefore, neither Plaintiff's neglect in mentioning the CBA in his Complaint, nor his refusal to explicitly concede the CBA applies to him in the first place, is dispositive because Plaintiff does not challenge Defendant's contention that the CBA governs his employment. *See Franco v. E-3 Systems*, No. 19-cv-01453-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019) ("Plaintiff does not challenge the substance of the CBAs, but instead argues that *Curtis* is distinguishable because 'in that matter plaintiff conceded that the CBA is applicable to plaintiff.' But Plaintiff does not (and apparently cannot) dispute that his employment is governed by the CBAs, so the absence of an express concession is of no consequence." (citation omitted)). The Court therefore **GRANTS** Defendant's motion to dismiss Plaintiff's claims brought under California Labor Code section 510 and IWC Wage Order 16-2001 **WITHOUT LEAVE TO AMEND**.

///

///

### B.   § 1194 Minimum Wage Claims

Plaintiff also raises violations of California Labor Code section 1194 seeking the state law mandated minimum wage. (Compl. ¶¶ 43–44.) Defendant contends Plaintiff's claim for failure to pay minimum wage cannot pass the second prong of the analysis from *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007), because the CBA covers multiple classifications of employees, each with a different wage rate. (Doc. No. 7 at 16.) Again, Plaintiff claims that because he does not allege a violation of the CBA's minimum wage or any rights conferred under the CBA, it is purely a state law claim. (Doc. No. 9 at 12.)

Under Section 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). As recently reaffirmed by the Ninth Circuit, the Supreme Court has interpreted the LMRA to authorize federal courts "to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis*, 913 F.3d at 1155 (citations omitted). "A state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law." *Id.* at 1152 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)).

However, Section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)) (quotations omitted). Further, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of federal labor law." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (quoting *Lueck*, 471 U.S. at 211) (quotations omitted). Claims which have no relationship to a collective bargaining agreement "beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." *Id.* (citation and quotations omitted).

The Ninth Circuit has employed a two-step test to ensure that Section 301 preemption "extends only as far as necessary to protect the role of labor arbitration in

7

resolving CBA disputes." *Curtis*, 913 F.3d at 1153 (citation and quotations omitted). First, the court asks whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA[.]" *Burnside*, 491 F.3d at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* (citing *Lueck*, 471 U.S. at 210). If not, the court proceeds to the second step and asks "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations and quotations omitted and alterations in original). Interpretation is construed narrowly in this context. *Id.* If claims are dependent on interpretation of the CBA, then the claim is preempted by Section 301; if not, the claim may proceed under state law. *Burnside*, 491 F.3d at 1059–60.

"[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas*, 512 U.S. at 122–24. Here, the minimum wage claims do not rely on any interpretation of the terms of the CBA. "Courts have routinely held that California wage and hour claims are not preempted" in cases like this one, which assert various wage and hour claims based on a failure to compensate at all for certain hours allegedly worked. *Mauia v. Petrochem Insulation, Inc.*, No. 18-CV-01815-MEJ, 2018 WL 3241049, at *9 (N.D. Cal. July 3, 2018) (collecting cases).

Defendant asserts that resolving Plaintiff's minimum wage claim will require interpretation of the CBA to determine which hourly rate was applicable to Plaintiff and aggrieved employees in order to calculate whether the effective hourly rate fell below the minimum. (Doc. No. 7 at 17.) But the fact that Plaintiff's minimum wage rate is defined by the CBA does not in itself create a dispute about the CBA's terms. Defendant has not identified any substantive dispute over the language of the CBA that would require interpretation, and the Court therefore finds that the minimum wage claims arising under California Labor Code section 1194 are not substantially dependent on analysis of the

8

CBA. For that reason, Plaintiff's minimum wage claim under Labor Code section 1194 is not preempted by the LMRA, and the motion to dismiss this claim is **DENIED**.

### C. Failure to Pay Timely Final Wages, Failure to Pay Wages Timely During Employment, and Failure to Provide Accurate Wage Statements

Defendant argues Plaintiff's claims for failure to pay timely final wages, to pay wages timely during employment, and for failure to furnish accurate wage statements are preempted for the same reasons as argued above, because they are derivative of Plaintiff's substantive claims for overtime pay. (Doc. No. 7 at 17–18.) Because the overtime pay claims are preempted, the derivative claims of failure to pay timely final wages, to pay wages timely during employment, and to provide accurate wage statements are also preempted to the extent they rely upon the overtime claim. *Estrada v. Kaiser Found. Hosps.*, 678 Fed. App'x 494, 497 (9th Cir. 2017) (finding that when a claim derives from a preempted claim, the derivative claim also fails); *Jimenez v. Young's Market Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021) ("Because overtime pay and meal periods claims are preempted, the derivative claims of failure to pay final wages and provide accurate itemized wage statements are also preempted.").

Plaintiff asserts his wage statement claim is not derivative of his overtime claims, but rather, "is predicated on its own separate theory of liability." (Doc. No. 9 at 13.) However, Plaintiff's Complaint alleges that his wage statement claim is derivative of his overtime claims, at least in part. For example, the Complaint states "Defendant also failed to provide accurate, lawful itemized wage statements to Plaintiff and the Class Members in part because of the above-specified violations [including failure to pay overtime]." (Compl. ¶ 30.) The Complaint further alleges that "Defendant failed to provide accurate itemized wage statements which failed to include all hours worked, including overtime . . . ." (*Id.* ¶ 50.)

Thus, the motion to dismiss is **GRANTED IN PART** to the extent the present allegations are premised on overtime compensation violations.

///

23-cv-01626-AJB-BLM

### D.    Failure to Reimburse Necessary Business Expenses

Labor Code section 2802 requires employers to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ." Cal. Lab. Code § 2802. Plaintiff alleges Defendant violated section 2802 and related provisions of the IWC Wage Orders by "fail[ing] to reimburse Plaintiff and Class Members for personal cell phone use. Personal cell phones were used for work related purposes." (Compl. ¶ 29.) Defendant argues the section 2802 claim is preempted by the LMRA because it would require interpretation of some portions of the CBA, which refer to the IWC Wage Order. (Doc. No. 7 at 19 (citing Doc. No. 7-2 at 38).) The IWC Wage Order in turn states: "When the employer requires the use of tools or equipment or they are necessary for the performance of a job, such tools and equipment shall be provided and maintained by the employer . . . ." (IWC Wage Order 16-2001, Doc. No. 7-2 at 48.) As noted by Plaintiff, a separate section of the CBA covers reimbursement for employees staying out of town. (Doc. No. 9 at 14 (citing Doc. No. 7-2 at 36).)

Neither of these provisions relates to Plaintiff's claim for reimbursement based on use of a personal cell phone. Thus, the Court **DENIES** Defendant's motion to dismiss based on Plaintiff's section 2802 claim.

### E.    CBA Arbitration

Lastly, Defendant argues Plaintiff's PAGA claim must be dismissed because there is a provision in the CBA which requires all disputes be resolved by the CBA's "exclusive and mandatory grievance and arbitration procedures[,]" which Plaintiff failed to exhaust. (Doc. No. 7 at 20.)

Broadly, at this stage, the Court looks to "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1018 (9th Cir. 2016) (quoted source and internal mark omitted). Supreme Court precedent indicates that, as part of the collective bargaining process, a union may agree on its members' behalf to require arbitration of employment-

10

related disputes. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 256–57 (2009). But in so far as those agreements relate to statutory claims, there must exist a "clear and unmistakable" waiver of the right to a judicial forum. *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80–82 (1998). Provisions that attempt "to provide a blanket waiver to all federal and state causes of action[] have been routinely rejected by both the U.S. Supreme Court and Ninth Circuit." *Smith v. Serv. Emps. Int'l Union, Local 521*, No. 16-CV-02547-LHK, 2016 WL 4268713, at *8 (N.D. Cal. Aug. 14, 2016) (collecting cases). Recent, unpublished Ninth Circuit cases cite to the consensus among circuit courts that a CBA must identify specific statutes to provide a clear and unmistakable waiver. *Wawock v. CSI Elec. Contractors, Inc.*, 649 F. App'x 556, 558 (9th Cir. 2016) (citing *Ibarra v. UPS*, 695 F.3d 354, 356–60 (5th Cir. 2012)); *see also Powell v. Anheuser-Busch Inc.*, 457 Fed. Appx. 679, 680 (9th Cir. 2011).

Defendant points to Article XIV of the CBA, which sets forth the exhaustive steps in the grievance procedure that all union employees must meet. (Doc. No. 7 at 20.) The relevant language dictates that if a grievance cannot be settled on the job, it "shall be submitted for arbitration as provided herein." (Doc. No. 7-2 at 20.) Moreover, the CBA's grievance procedure incorporates IWC Wage Order 16-2001, and states that "[a]ny claim of violation of this section of this Agreement shall be processed under and in accordance with the grievance procedure contained in Article VIII of this Agreement. That grievance procedure shall be the exclusive method for resolving all alleged violations of this Section." (*Id.* at 38.) The CBA does not include any reference to the Labor Code, PAGA, or any other state or federal statutes. It does not include any agreement to submit statutory causes of action to arbitration.

Plaintiff counters that Article XIV is limited by Article VII(M), which expressly incorporates IWS Wage Order 16-2001, and his claims instead are brought under PAGA for statutory violations. (Doc. No. 9 at 14–15 (citing Doc. No. 7-2 at 38).) Plaintiff asserts that because the Complaint only alleges statutory claims without reference to the CBA, his claims do not involve any dispute concerning the interpretation of the CBA and thus are

11

outside the scope of Articles XIV and VII. (*Id.* at 15.) However, as discussed above, the Court does not find this argument persuasive and Plaintiff cannot plead around the CBA as to his overtime claim. Plaintiff further asserts the CBA does not include a clear and unmistakable waiver of his right to pursue PAGA claims in this forum. (*Id.*)

Plaintiff relies on *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 8 Cal. App. 5th 236 (2017), which found no "clear and unmistakable waiver" where the arbitration clause "makes no mention of the Labor Code or any other statute, . . . does not discuss individual statutory rights, nor does it mention waiver of a judicial forum." 8 Cal. App. 5th 236, 247. Plaintiff asserts that, like in *Vasserman*, the CBA and Addendum do not "explicitly state that a right to a judicial forum has been waived with regards to claims for violations of state law. Neither provides for the arbitration of claims arising from any specific Labor Code provision or other law." (Doc. No. 9 at 18.)

In reply, Defendant asserts the court in *Cortez v. Doty Bros. Equipment Co.*, 15 Cal. App. 5th 1 (2017), ruled as clear and unmistakable the CBA's arbitration provision which mirrors the arbitration provision at issue here. (Doc. No. 10 at 11.) In *Cortez*, the court stated that while the CBA did not mention the Labor Code, it included an agreement to arbitrate claims "arising under" Wage Order 16. 15 Cal. App. 5th 1, 14. The *Cortez* court found it could not "disregard the reality that an employee may enforce the protections of the wage order in court only by bringing a claim under the Labor Code. *Id.* "To hold that wage and hour disputes arising under Wage Order 16 are arbitrable under the CBA only in theory, but not in practice because they are, by necessity, brought under the Labor Code, would result in the very absurdity courts are required to avoid." *Id.* Thus, the court held the plaintiff's actions for overtime pay seeking to enforce the protections in Wage Order 16 fell within the agreement to arbitrate. *Id.*

The Court does not find a clear and unmistakable waiver of the right to a judicial forum. First, the CBA does not identify the statutes as to which employees are waiving their rights, only mentioning the relevant Wage Order. (*See* Doc. No. 7-2 at 38); *Padilla v. Alta Dena Certified Dairy, LLC*, No. CV 19-5020-MWF (RAOx), 2019 WL 7865173, at

*4 (C.D. Cal. Sept. 26, 2019) ("Although the CBA states that 'the minimum requirements concerning meal and rest periods may vary . . . based on . . . the appropriate Industrial Welfare Commission work order,' this is not sufficient for the Court to conclude that the parties intended to subject all statutory claims arising out of the Wage Order – let alone all other California statutes.") (internal citation omitted). The CBA does not state that employees are waiving their right to a judicial forum for resolution of claims under the California Labor Code or PAGA, or the provisions of them that are relevant here. *Olea v. Teichert Pipelines, Inc.*, No. 2:21-cv-01675-RGK-PD, 2021 WL 1839683, at *5 (C.D. Cal. May 7, 2021) (finding the CBAs were "clear and unmistakable" because they identified Wage Order 16 and the specific California Labor Code sections); *Burmudez v. Dragados USA, Inc.*, at *6 (E.D. Cal. Nov. 19, 2021) (holding a waiver was clear and unmistakable which "expressly states that 'all claims and claims for associated penalties arising under the federal Fair Labor Standards Act, the California Labor Code, and Wage Order 16 will be resolved through the procedures set forth in this Section 9[.]'"). Moreover, Article XIV, which sets out the CBA's grievance procedure, does not define a "grievance," nor does it mention any state or federal statutes. (*See id.* at 20.)

For these reasons, the Motion to Dismiss is **DENIED** based on the claim that Plaintiff failed to exhaust the grievance and arbitration procedures in the CBA for those claims that are not preempted for the reasons stated above.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant S.E. Pipe Line Construction Co.'s motion to dismiss. Should Plaintiff desire to amend his complaint, he must file an amended complaint no later than <u>February 5, 2024</u>. Defendant must file a responsive pleading no later than <u>February 19, 2024</u>.

**IT IS SO ORDERED.**

Dated:  January 16, 2024

Hon. Anthony J. Battaglia
United States District Judge

13

23-cv-01626-AJB-BLM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28